UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROOSEVELT F. SIFFORD,

       Plaintiff,

    v.                      Case No.:  2:24-cv-00517-SPC-NPM

THOMAS SCHAEFFER and
JEREMY SEARS,

       Defendants,

_____/

## OPINION AND ORDER

Before the Court is Defendant Jeremy Sears' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Doc. 34).

Sifford is a prisoner of the Florida Department of Corrections (FDOC). He alleges that on August 18, 2023, Sears made him choose between foregoing a shower and going on property restriction after Sifford asked to speak to a supervisory official. Sifford alleges that after he chose to shower, Sears said, "you should have picked door number two," then slammed Sifford to the ground, punched him, and slammed his face into the ground for no purpose except to cause injury and pain. Sifford alleges Schaeffer ran over and punched him several times in the face and arm, using handcuffs as improvised brass knuckles. Sifford claims he suffered lacerations, abrasions, and bruises on his arms, legs, and torso, a black eye, and facial swelling. He accuses Sears and

Schaeffer of using excessive force and failing to intervene in violation of the Eighth Amendment.

Sears argues Sifford's action is *Heck*-barred because its success would imply the invalidity of a prison disciplinary action. Sears wrote a disciplinary report charging Sifford with disorderly conduct. It stated Sears had Sifford in a custodial grasp to escort him to the shower when Sears said he was going to a kiosk and pulled away from Sears. Sears reported that he used reactionary force to gain compliance from Sifford. (Doc. 34 at 31). A disciplinary team reviewed Sears' report, witness statements, video of the incident, and Sifford's statement. Based on that evidence, the team found Sifford guilty of disorderly conduct. (Doc. 34 at 30). That finding has not been reversed or invalidated.

In *Heck v. Humphrey*, the Supreme Court held that a § 1983 plaintiff seeking to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must prove the conviction or sentence was reversed or invalidated. 512 U.S. 477, 487 (1994). The Court explained:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the

> plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* In *Edwards v. Balisok*, the Supreme Court extended *Heck* to cover claims that would implicitly invalidate prison disciplinary actions. 520 U.S. 641, 645-48 (1997).

Sears raises the *Heck* bar because some factual allegations conflict with the disciplinary team's findings. Sears relies on the inconsistent-factual-allegations rule, which the Eleventh Circuit adopted from *McCann v. Neilsen*, 466 F.3d 619 (7th Cir. 2006). The rule dictates that a plaintiff's claim is *Heck*-barred "if his § 1983 complaint makes specific factual allegations that are inconsistent with the facts upon which his criminal convictions were based." *Dyer v. Lee*, 488 F.3d 876, 883 n.9 (11th Cir. 2007). But the rule only applies to "the narrow category of cases…where the allegation in the § 1983 complaint is a specific one that both necessarily implies the earlier decision is invalid *and* is necessary to the success of the § 1983 suit itself." *Dixon v. Hodges*, 887 F.3d 1235, 1239 (11th Cir. 2018). Put another way, "*Heck* bars a § 1983 suit only when it is a 'logical necessity' that judgment for the plaintiff in that suit would contradict the existing punishment." *Id.* at 1238 (quoting *Dyer*, 488 F.3d at 879). "So long as there would still exist a construction of the facts that would

allow the underlying punishment to stand, a § 1983 suit may proceed." *Id.* (cleaned up).

Sifford's complaint does include factual allegations that are inconsistent with the disciplinary action. On one hand, Sifford alleges he "never created any disturbance, was never combative, was not threatening or violent" but "simply elected to shower, causing the named defendants to beat him without penological justification." (Doc. 1 at 4). On the other hand, the disciplinary action establishes Sifford pulled away from Sears' custodial grasp, prompting the use of force. But like in *Dixon*, "the gravamen of [Sifford]'s § 1983 claim is that [the defendants] used excessive force against him." *Dixon*, 887 F.3d at 1239. The success of Sifford's claim does not necessarily depend on whether he pulled away from Sears. It is logically possible both that Sifford pulled away from Sears and that Sears and Schaeffer used excessive force in response. Thus, *Heck* and its progeny do not bar this suit. *See id.*

Sears briefly raises two more arguments. First, Sears challenges the sufficiency of Sifford's failure-to-intervene claim. An officer can be liable for failing to protect a victim from another officer's use of force, but only if the officer has an opportunity to intervene and is in a position to do so. *Johnson v. White*, 725 F. App'x 868, 878 (11th Cir. 2018). "Instances of force that occur within seconds do not place officers in a realistic position to intervene." *Id.* Sifford alleges Schaeffer "ran over" to assist Sears and punched Sifford "several

times as Sears began to slam Sifford's face/head into the ground[.]"  (Doc. 1 at 4).  Accepting the allegation as true, Sears was actively subduing Sifford when Shaeffer simultaneously used force.  Sears did not have a realistic opportunity to observe and stop Schaeffer.  Thus, Sifford fails to state a failure-to-intervene claim against him.

Finally, Sears argues the Court should dismiss the complaint without prejudice because Sifford misrepresented the contents of the administrative grievance he filed and thus failed to plead proper exhaustion under the Prison Litigation Reform Act (PLRA).  But the Supreme Court has held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Sifford's failure to plead proper exhaustion is not a reason to dismiss his complaint.

Accordingly, it is

**ORDERED:**

(1) Defendant Jeremy Sears' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Doc. 34) is **GRANTED in part and DENIED in part**.

(2) Sifford's failure-to-intervene claim against Sears is **DISMISSED without prejudice**.

(3) Sears must answer the complaint within 14 days of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on June 2, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
c. all parties